**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONG LIN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-72584

Agency No. A205-752-782

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Dong Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his applications for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

U.S.C. § 1252.  We review de novo questions of law, and we review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We grant in part and deny in part the petition for review, and we remand.

In assessing Lin's claim of past persecution, the agency faulted Lin for failing to provide corroborative evidence of the loss of his business. The agency erred by failing to give Lin notice that corroboration was required, or give him an opportunity to obtain it or explain why it was not reasonably obtainable. *See Ren v. Holder*, 648 F.3d 1079, 1090-93 (9th Cir. 2011). The agency also found that Lin failed to establish that the remaining harm he suffered did not rise to the level of persecution. Substantial evidence does not support that determination. *See Guo v. Sessions*, 897 F.3d 1208, 1211, 1215-17 (9th Cir. 2018) (record compelled finding of past persecution where petitioner was arrested, slapped twice in the face, struck eight or nine times with a baton, detained for two days, and only released upon payment of a bond and letter of guarantee prohibiting house church attendance and requiring weekly check-ins at the police station). Thus, we remand Lin's asylum and withholding of removal claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Lin failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Wakkary v. Holder*,

558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**